IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH DEATHERAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3144-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Kenneth Deatherage seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* He asserts the decision of the Administrative Law Judge (ALJ) that he has the residual functional capacity to perform light work in the economy is not supported by the record.

Oral argument was held on April 1, 2008.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d at 282. To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Claimant Kenneth Deatherage was born in 1953 and has a high school education.[2] He worked as a commercial truck driver, but was unable to continue with that work on a full-time basis after suffering a heart attack in April 2004. He claims disability based upon his heart disease, diabetes and arthritis.

Deatherage lives alone and does his own laundry and housekeeping. He states he works for approximately fifteen minutes and then rests for twenty minutes to an hour. He has a driver's license but does not own a car. He claims he is fatigued, has shortness of breath, no grip strength in his hands, and no stamina. He has headaches and indicates he lays down for an hour at a time approximately six times a day. He has had three procedures for stent placements for coronary artery disease.

An examination was performed by a consultant physician, Dr. Breann Smith, approximately one month after the administrative hearing. Her report indicated plaintiff was currently experiencing symptoms of angina, arthritis and migraine headaches. Plaintiff also told her he had some hearing loss.

The ALJ found claimant had "coronary artery disease with status-post percutaneous transluminal coronary angioplasty of the left anterior and obtuse marginal and circumflex arteries, hypertension, Type II diabetes mellitus, hyperlipidemia, and possible mild chronic obstructive pulmonary disease and/or gastroesophageal reflux disease controlled by medication." (Tr. at 24.) He determined Deatherage could not return to his past relevant work, but could do light exertional unskilled work such as a small products assembler or hand packager. The ALJ stated

> Although the undersigned finds that the claimant cannot perform past relevant work, he finds no persuasive medical reason why the claimant could not perform light work not requiring more than occasional climbing of ropes, ladders or scaffolds; or concentrated or excessive exposure to dust, fumes, chemicals, temperature extremes, high humidity or dampness, and other typical allergens, pollutants, and atmospheric irritants, or to unprotected heights or dangerous moving machinery. Light work involves lifting no

---

[2]Deatherage has taken a few college courses but does not have a college degree.

3

Case 6:07-cv-03144-WAK   Document 13   Filed 04/14/08   Page 3 of 7

more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 FRC 404.1567(b) and 416.967(b).

(Tr. at 22.)

The ALJ acknowledges that if the assessment by Dr. Smith was accurate, plaintiff would be restricted to only a range of sedentary work. The ALJ discounted the opinion of Dr. Smith because he believed the assessment was based largely upon plaintiff's subjective complaints which were either new or more extensive than previously reported.

The administrative record does not contain a medical source statement from a treating physician or a residual functional capacity assessment by an acceptable medical source. Thus, the opinion of Dr. Smith is the only opinion from an acceptable medical source.

Deatherage asserts the ALJ erred in not finding his arthritis was a severe impairment, in not giving greater weight to the opinion of the consultive examiner and in his credibility analysis. He also asserts the ALJ should have further developed the record with regard to plaintiff's hearing loss and should have better explained the evidence supporting his determination of plaintiff's residual functional capacity.

The court finds the administrative record in this case difficult to evaluate. Plaintiff has objective medical evidence of serious medical conditions, and evidence that his cardiac problems recurred within a twelve-month time frame after treatment, requiring additional procedures. Following those procedures, plaintiff's symptoms improved for a period of time, but the record does not disclose whether he would have been capable of working during those relatively short periods of time.

He apparently had some reported chronic pain associated with arthritis and headaches, but did not take prescription medication for it. He appears to have altered his lifestyle to accommodate his symptoms, and regularly rested because of fatigue, shortness of breath, and/or angina. The record isn't clear, however, whether his fatigue, shortness of breath and/or angina were of a continuous nature, as is required for a finding of disability.

His history shows earnings on a nearly yearly basis prior to his alleged onset date, but the reported amounts were generally under $11,000 after 1989 and were frequently under $5,000. Plaintiff's Disability Report - Adult - Form SSA-3368 states that he worked ten-hour

4

Case 6:07-cv-03144-WAK   Document 13   Filed 04/14/08   Page 4 of 7

days, three days a week, and that after November 2004, his employer no longer called him to work. Plaintiff said he felt he was not called to work because of his medical problems. (Tr. 59.) Plaintiff does not say he stopped working because he wasn't capable of working, but appears to say he stopped working because his employer stopped calling him.[3] He does not indicate whether he attempted to find other work or whether his physicians restricted him from working. Thus, there is some question how motivated he was to work.

Dr. Smith noted her assessment was based upon plaintiff's current complaints of angina and his significant history of coronary artery disease. She indicated that if his symptoms improved with treatment, further assessment would be appropriate. She does not state whether continuing or recurring symptoms could be expected or whether plaintiff's conditions are of the type that would permit him to work if appropriately treated.

With regard to the "new" complaints reported to Dr. Smith, the ALJ indicated it would be "speculative to assume that they could not be adequately treated and controlled well within the continuous period of twelve months or longer." (Tr. 22.)

It is the ALJ's function to assess the available evidence, make credibility findings and assign a residual functional capacity. The ALJ's determination of residual functional capacity, however, must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th

---

[3]Plaintiff drove a truck hauling cattle and plaintiff states that after his heart attack, his employer was uncomfortable with plaintiff driving the truck alone.

Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

After carefully reviewing the evidence and the opinion of Dr. Smith, the court does not find the ALJ's determination that plaintiff had the residual functional capacity to perform light exertional work on a daily basis is supported by substantial evidence on the record as a whole. The opinion of Dr. Smith is not refuted by the record, and it was speculative of the ALJ to find plaintiff's symptoms could be adequately treated and controlled.

Plaintiff's complaints to Dr. Smith of angina were of a recurring nature. Dr. Smith's assessment at the time of her evaluation would limit plaintiff to sedentary work, but she indicated additional assessment after treatment would be appropriate. Thus, the record as a whole does not contain substantial evidence that claimant was capable of occasionally climbing ropes, ladders or scaffolds.

The treating physicians did not give opinions on plaintiff's abilities, and a treating physician does not appear to have coordinated or reviewed plaintiff's conditions in combination. Under the circumstances of this case, it was error for the ALJ to discount the opinion of Dr. Smith without more current and objective evidence or an additional evaluation. Past medical records indicated that additional stent procedures were required within a relatively short time after plaintiff told his treating doctors he had new or increased angina and shortness of breath.

During oral argument, plaintiff asserted that if he was limited to sedentary work, he would be considered disabled within the meaning of the Social Security Act, pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. Defendant did not dispute that if plaintiff was limited to sedentary work, without transferrable skills, he would be disabled under the GRID's based upon his age.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). In this case, however, the court does not find there is substantial evidence on the

record as a whole to support the ALJ's determination that claimant could do light exertional work. The record also does not contain substantial evidence to support a conclusion that plaintiff could not do light exertional work, and was, thus, disabled under the GRID's. This appears to be a case where further development of the record is required to determine whether, with additional treatment, plaintiff would be capable of performing light exertional work, or whether his condition would preclude him from doing so for the requisite continuous time.

"Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

Accordingly, it is

ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 14th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7